CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

NOV 0 2 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT SOLOMON DAVIS,<br><br>*Defendant.* | CRIMINAL NO. 6:09CR000007-3<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

The Defendant, Robert Solomon Davis, was before the Court for sentencing after entering into a plea agreement with the United States. As part of the Defendant's sentencing, the Government sought a 2-level enhancement to the Defendant's offense level because a dangerous weapon was possessed pursuant to U.S.S.G. §2D1.1(b)(1). The defendant objected to this proposed 2-level increase in the presentence investigation report. I write separately here to clarify my decision at the sentencing hearing that the 2-level enhancement is appropriate in this case.

At the Defendant's sentencing hearing, I heard argument from the parties regarding the applicability of U.S.SG. §2D1.1(b)(1) to the Defendant's conduct. After carefully considering the arguments presented at the hearing, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3553(a), I concluded that the 2-level enhancement should be applied to the Defendant's sentencing calculation. In particular, I noted that although there was no evidence that the Defendant had a dangerous weapon on his person at the time he engaged in the conspiracy to distribute cocaine (the drug charge to which he pled guilty), the fact that a weapon

with a removed serial number was found in the closet of his bedroom was sufficient to conclude that he possessed a dangerous weapon as contemplated by U.S.S.G. §2D1.1(b)(1). The defendant, an admitted drug dealer, also had a sizeable amount of cash in his bedroom. Because guns are often used to protect the cash proceeds and drug inventory of drug dealers, the weapon at issue here was in close proximity to a large amount of cash, and the fact that the Defendant sold drugs from his residence inside which both the gun and cash were found, I found that the weapon at issue was possessed for purposes of the Sentencing Guidelines enhancement.

Guideline §2D1.1(b)(1) allows for a 2-level increase in the base offense level "[i]f a dangerous weapon (including a firearm) was possessed." Application Note 3 of the Commentary to this section states that the adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense." A District Court decides whether the enhancement should be applied by a preponderance of the evidence. *See United States v. Apple*, 915 F.2d 899 (4th Cir. 1990). When the underlying offense for which the 2-level enhancement is sought is conspiracy, the nexus between the possession of the weapon and the underlying conspiracy offense is established when the weapon is "discovered in a place where the conspiracy was carried out or furthered." *U.S. v. Apple*, 962 F.2d 335, 338 (4th Cir. 1992).

Based on the aforementioned facts, I conclude that the weapon at issue in this case was discovered in a place where the conspiracy was carried out or furthered, and that it is not clearly improbable that the weapon was connected to the conspiracy offense. Therefore, I conclude that the weapon at issue here was possessed by the Defendant pursuant to U.S.S.G. §2D1.1(b)(1). Such a finding is consistent with other courts examining similar circumstances. *See, e.g., U.S. v. Hall*, 46 F.3d 62 (11th Cir. 1995) (holding that the proximity of the weapon at issue to several

drug-related objects, located in the house where conversations concerning the drug conspiracy occurred, was sufficient to warrant two-level enhancement); *U.S. v. Roberts*, 980 F.2d 645 (10th Cir. 1992) (affirming a 2-level enhancement under U.S.S.G. §2D1.1(b)(1) where federal agents found two handguns in a house where defendant possessed large amounts of marijuana and ammunition was close at hand); *U.S. v. Grose*, 254 Fed. Appx. 190 (4th Cir. 2007) (affirming a 2-level enhancement where the weapon was found in a closet three to five feet from the dresser where the defendant stored drugs); *U.S. v. Rhodes*, 322 Fed. Appx. 336 (4th Cir. 2009) (affirming a 2-level enhancement based on, *inter alia*, a trial court finding that the weapon at issue was found in a bedroom, whereas the bulk of the drug evidence seized was in the living room area). Therefore, I concluded that the two-level enhancement under U.S.S.G. §2D1.1(b)(1) is appropriate in this case, and the judgment will be entered in accordance with my findings at the sentencing hearing.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this 2nd day of November, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE